Form G-3

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: Elton X. Tinsley | ) | Chapter 7 |
| | ) | |
| | ) | No. 22-13571 |
| | ) | |
| Debtor(s) | ) | Judge LaShonda A. Hunt |

## NOTICE OF MOTION

TO: See attached list

     PLEASE TAKE NOTICE that on <u>January 5, 2023</u>, at <u>11:00 a.m.</u>, I will appear before the Honorable <u>LaShonda A. Hunt</u>, or any judge sitting in that judge's place, **either** in courtroom <u>719</u> of the <u>Everett McKinley Dirksen United States Courthouse</u>, <u>219 S. Dearborn Street, Chicago, IL 60604</u>, **or electronically as described below,** and present the motion of <u>Thondalavo Dowman</u> [to/for] <u>for Relief From the Automatic Stay</u>, a copy of which is attached.

     **All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

     You may appear electronically by video or by telephone.

     **To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

     **To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

     **Meeting ID and passcode.** The meeting ID for this hearing is <u>161 165 5696</u>, and the passcode is <u>7490911</u>. The meeting ID and passcode can also be found on the judge's page on the court's web site.

     **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

                                           By: Faith Spencer

                                           Parts & Spencer, Ltd.
                                           130 N. Garland Court #2005
                                           Chicago, IL 60602
                                           fspencer@pslegal.net

# **CERTIFICATE OF SERVICE**

      I, <u>Faith Spencer</u>, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on <u>December 20, 2022</u>, at <u>3:00 p.m.</u>

                                        Faith Spencer
                                        [Signature]

Service List:

Xiaoming Wu
Borges and Wu, LLC
105 West Madison
23rd Floor
Chicago IL 60602
Via the court's CM/ECF system

Trustee:
Peter N. Metrou
Metrou & Nemiroff PC
123 West Washington Street
Suite 216
Oswego, IL 60543
Via the court's CM/ECF system

U.S. Trustee:
Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Via the court's CM/ECF system

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

IN RE: )
) Chapter 7
Elton X. Tinsley )
) Case No. 22-bk-13571
)
)

**<u>Thondalayo Dowman's Motion For Relief From The Automatic Stay</u>**

Thondalayo Dowman, by her attorney Faith Spencer of Parts & Spencer, Ltd., requests that this Court grant relief from the automatic stay imposed pursuant to 11 U.S.C. §362. In support of her motion, Movant states as follows:

1. Movant has a personal injury lawsuit against the debtor as well as his professional corporation, for which there is insurance coverage. Movant's medical malpractice litigation is currently pending in the Circuit Court of Cook County in the matter of *Thondalayo Dowman v. Flawless Service Corporation and Elton X. Tinsley, M.D.,* Case No. 2020 L 12146.

2. Movant's case arises from a liposuction procedure performed by Dr. Elton Tinsley on Movant on May 30, 2019. Flawless Service Corporation, Inc. is Dr. Tinsley's professional service corporation for his medical practice.

3. Movant resides in the State of Illinois.

4. Movant is a creditor of the estate by virtue of claims enumerated in the pending lawsuit in the Circuit Court of Cook County, Chicago, Illinois, Law Division, 2020 L 12146, for, among other things, medical malpractice resulting in perforation of Ms. Dowman's bowel in the course of performing the liposuction procedure, causing ongoing pain and suffering and necessitating emergency surgery to repair the

1

perforated bowel as well as additional subsequent surgery to address further complications. (*See* Exhibit 1, First Amended Complaint).

5. Movant's claims are meritorious and, if the civil suit were allowed to proceed, Movant has a reasonable likelihood that it will result in a judgment in her favor for damages.

6. Movant's damages are potentially covered by the Debtor's insurer such that the civil suit would not require recovery from the bankruptcy estate.

7. Section 362 allows creditors such as Movant to seek relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982), quoting 11 U.S.C. § 362(d). Under Section 362(d)(1), bankruptcy courts routinely grant "relief to personal injury plaintiffs to prosecute their claims in state court and to limit their collection efforts to the available insurance benefits." *In re Glunk*, 342 B.R. 717, 740 (Bankr. E.D. Pa. 2006)

8. Where the civil action is not connected with and does not interfere with the bankruptcy proceeding, the automatic stay does not further the purposes of the bankruptcy code. *Holtkamp* at 508.

9. Moreover, where the claim is one covered by insurance, permitting the civil action to go forward would not jeopardize the bankruptcy estate because financial responsibility for the defense of the litigation as well as a judgment would be borne by the insurance company. *See Holtkamp* at 508-509.

10. Because lifting the stay would present no great prejudice to the estate or debtor, the hardship to Movant weighs in favor of modifying and/or lifting the automatic stay as

to Movant's civil case.

WHEREFORE, for the foregoing reasons, Thondalayo Dowman requests that the Court enter an order modifying and/or lifting the automatic stay in case number 2020 L 12146 in the Circuit Court of Cook County, Chicago, Illinois, Law Division, and for such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Faith Spencer

Parts & Spencer, Ltd.
130 N. Garland Ct. #2005
Chicago, IL 60602
312-920-0990
Atty No. 6204511
fspencer@pslegal.net

FILED
8/18/2022 12:33 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L012146
Calendar, F
19141356

FILED DATE: 8/18/2022 12:33 PM   2020L012146

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| THONDALAYO DOWMAN, | ) |
| Plaintiff, | ) |
| v. | ) 2020L012146 |
| FLAWLESS SERVICE CORPORATION, INC., and ELTON TINSLEY, M.D., | ) JURY DEMAND |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT AT LAW**

Plaintiff, Thondolayo ("Toni") Dowman, by her attorneys, Parts & Spencer, Ltd., for her Complaint at Law against Defendants Flawless Service Corporation, Inc., and Elton Tinsley, M.D., states as follows:

1. Toni Dowman is a resident of Chicago, Illinois.

2. Elton Tinsley, M.D., was in 2019 a physician maintaining a medical practice and performing cosmetic surgery in Cook County, Illinois.

3. Flawless Service Corporation, Inc., was at all relevant times a professional service corporation of Elton Tinsley, M.D., for his medical practice, doing business in Cook County, Illinois.

4. In his dealings with Ms. Dowman, Elton Tinsley, M.D., acted as a physician and a surgeon in his individual capacity and as an officer, employee, actual agent and/or apparent agent of Defendant Flawless Service Corporation, Inc.

5. Toni Dowman's initial appointment at the office of Flawless Service Corporation, Inc., in Orland Park, Illinois, occurred on March 16, 2019, at which time she provided medical and surgical history to staff, paid a $100 membership fee, discussed her interest in a tummy tuck,

Exhibit 1

and was informed of cosmetic surgery procedures performed by Dr. Tinsley including a procedure called "Liposuction with JPlasma Tightening."

6. On April 20, 2019, Toni Dowman had a second appointment at the office of the Flawless Service Corporation, Inc. Ms. Dowman at that time first met Dr. Tinsley, who discussed the Liposuction with JPlasma Tightening procedure with her and induced her to agree to undergo the procedure. The procedure was then scheduled for May 30, 2019.

7. On May 30, 2019, Dr. Tinsley performed the Liposuction with JPlasma Tightening surgical procedure (the "surgical procedure") on Ms. Dowman at Flawless Service Corporation, Inc., in Orland Park, Illinois. In the course of the surgical procedure, Dr. Tinsley perforated Toni Dowman's small bowel. Ms. Dowman was sent home following the procedure without being provided any information that there had been a complication.

8. Toni Dowman's condition significantly deteriorated over several days following Dr. Tinsley's surgical procedure, during which time she experienced pain, weakness, inability to have a bowel movement, nausea and vomiting. Ms. Dowman contacted Dr. Tinsley's office on the evening of the surgical procedure complaining of pain. Ms. Dowman contacted Dr. Tinsley's office again on June 2, 2019 stating that she was in pain, could not make a bowel movement, and wanted to go to the hospital.

9. Dr. Tinsley's was immediately notified of Ms. Dowman's complaints and provided with her telephone number on June 2, 2019. Dr. Tinsley did not take action in response to this information from his staff and did not see that Ms. Dowman sought evaluation at an emergency room or other medical facility.

FILED DATE: 8/18/2022 12:33 PM 2020L012146

10. Ms. Dowman had a post-operative visit on June 3, 2019 with Dr. Elton Tinsley at Flawless Service Corporation, Inc. in Orland Park, Illinois, at which time her condition had become so grave that she had to be taken by ambulance to Palos Hospital.

11. A CT scan of Ms. Dowman's abdomen performed in the Palos Hospital emergency room showed pockets of free air and fluid in the abdomen as well as subcutaneous air and edema. Dr. Tinsley conveyed to the emergency department that those findings are to be expected following liposuction. A surgeon at Palos Hospital performed a laparotomy during which he identified two perforations to Ms. Dowman's ileum caused by the procedure performed on Ms. Dowman by Dr. Tinsley. The surgeon at Palos Hospital then performed a resection of the area of the bowel with those perforations.

12. The extensive infectious process resulting from the bowel perforations caused Toni Dowman to go into septic shock, and resulted in peritonitis, renal failure, respiratory failure, intra-abdominal abscesses, an open abdominal wall wound and multiple other complications.

13. As a result of the bowel perforations, Ms. Dowman required significant subsequent treatment, surgery and hospitalizations.

14. The surgical procedure performed by Elton Tinsley, M.D., on Toni Dowman caused injury to Toni Dowman and resulted in disfigurement, disability, loss of earnings, past and future medical treatment and expense, pain and suffering, and loss of normal life.

### COUNT I – MEDICAL MALPRACTICE
(Elton Tinsley, M.D.)

15. Plaintiff incorporates paragraphs 1 - 14 by reference as if fully set forth herein.

16. During the course of Toni Dowman's evaluation, care and treatment, Elton Tinsley, M.D., owed her a duty to possess and use the knowledge, skill and care ordinarily used by a reasonably careful physician in providing medical and surgical treatment to Toni Dowman.

17. Notwithstanding these duties, Elton Tinsley, M.D., failed to exercise reasonable care in providing medical and surgical treatment to Toni Dowman in one or more of the following ways, which constitute a deviation from the applicable standard of care:

A. Improper technical execution of a surgical procedure;

B. Entered the intra-abdominal compartment and injured the small bowel in the course of the surgical procedure;

C. Failed to remain anterior to the interior abdominal wall in the course of the surgical procedure;

D. Failed to properly account for Ms. Dowman's prior medical and surgical history in performing the surgical procedure;

E. Perforated Ms. Dowman's bowel in the course of the surgical procedure;

F. Failed to direct Ms. Dowman to seek medical evaluation on an emergent basis when she contacted his office as to her post-operative symptoms following the surgical procedure.

18. As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff Toni Dowman suffered severe injuries resulting in pain and suffering, disfigurement, disability, past and future medical treatment and expenses, loss of earnings, and loss of normal life.

WHEREFORE, Plaintiff Toni Dowman respectfully requests that judgment be entered in her favor and against Elton Tinsley, M.D., in an amount sufficient to fully and fairly compensate

FILED DATE: 8/18/2022 12:33 PM 2020L012146

FILED DATE: 8/18/2022 12:33 PM 2020L012146

her for her injuries, which substantially exceeds the minimum jurisdictional amount of this Court.

## COUNT II – MEDICAL MALPRACTICE

(Flawless Service Corporation, Inc.)

19. Plaintiff incorporates paragraphs 1 - 14 by reference as if fully set forth herein.

20. During the course of Toni Dowman's evaluation, care and treatment, Flawless Service Corporation, Inc. and its officers, employees, actual agents and/or apparent agents had a duty to possess and use the knowledge, skill and care ordinarily used by reasonably careful healthcare providers in providing medical and surgical treatment to Toni Dowman.

21. Notwithstanding these duties, Flawless Service Corporation, Inc. failed to exercise reasonable care in providing medical and surgical treatment to Toni Dowman in one or more of the following ways, which constitute a deviation from the applicable standard of care with respect to the care provided by Elton Tinsley, M.D., as an officer, employee, actual agent and/or apparent agent of Flawless Service Corporation, Inc.:

A. Improper technical execution of a surgical procedure;

B. Entered the intra-abdominal compartment and injured the small bowel in the course of the surgical procedure;

C. Failed to remain anterior to the interior abdominal wall in the course of the surgical procedure;

D. Failed to properly account for Ms. Dowman's prior medical and surgical history in performing the surgical procedure;

E. Perforated Ms. Dowman's bowel in the course of the surgical procedure;

FILED DATE: 8/18/2022 12:33 PM 2020L012146

F. Failed to direct Ms. Dowman to seek medical evaluation on an emergent basis when she contacted his office as to her post-operative symptoms following the surgical procedure.

22. As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff Toni Dowman suffered injuries resulting in disfigurement, disability, loss of earnings, past and future medical treatment and expense, pain and suffering, and loss of normal life.

WHEREFORE, Plaintiff Toni Dowman respectfully requests that judgment be entered in her favor and against Flawless Service Corporation, Inc. in an amount sufficient to fully and fairly compensate her for her injuries, which substantially exceeds the minimum jurisdictional amount of this Court.

Attorneys for Plaintiff

Mark Parts
Faith H. Spencer
PARTS & SPENCER, LTD.
130 North Garland Court, #2005
Chicago, Illinois 60602
(312) 920-0990
mparts@pslegal.net
Atty. No. 42778

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| THONDALAYO DOWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2020L012146 |
| v. ) | |
| ) | |
| FLAWLESS SERVICE CORPORATION, INC., ) | |
| and ELTON TINSLEY, M.D., ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## ATTORNEY AFFIDAVIT

Mark Parts, an attorney for the Plaintiff, having been sworn upon oath, states as follows:

1. I have consulted and reviewed the facts of this case with a physician who is licensed to practice medicine in all its branches, who is Board Certified in Plastic Surgery, and who has been practicing medicine within the medical field involved in this case during the last six years. I reasonably believe that this physician is knowledgeable as to the relevant issues involved in this action and is qualified by experience and training to render opinions herein.
2. The reviewing health professional has determined, as reflected in a written report, after review of medical records and other relevant material pertaining to this case, that there is a reasonable and meritorious cause for the filing of this complaint against Dr. Elton Tinsley.
3. I have concluded, on the basis of the health professional's review and consultation, that there is reasonable and meritorious cause for the filing the Complaint in this lawsuit against Dr. Elton Tinsley.
4. A copy of the written report of the reviewing health professional referred to herein is attached to this affidavit.

FURTHER AFFIANT SAYETH NOT.

SUBSCRIBED and SWORN before me
this _16th_ day of _August_, 2022.

NOTARY PUBLIC

OFFICIAL SEAL
FAITH SPENCER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/15/2025

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| THONDALAYO DOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2020L012146 |
| v. | ) |
| | ) |
| FLAWLESS SERVICE CORPORATION, INC., | ) |
| and ELTON TINSLEY, M.D., | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

## ATTORNEY AFFIDAVIT

Mark Parts, an attorney for the Plaintiff, having been sworn upon oath, states as follows:

1. I have consulted and reviewed the facts of this case with a physician who is licensed to practice medicine in all its branches, who is Board Certified in Plastic Surgery, and who has been practicing medicine within the medical field involved in this case during the last six years. I reasonably believe that this physician is knowledgeable as to the relevant issues involved in this action and is qualified by experience and training to render opinions herein.
2. The reviewing health professional has determined, as reflected in a written report, after review of medical records and other relevant material pertaining to this case, that there is a reasonable and meritorious cause for the filing of this complaint against Flawless Service Corporation, Inc.
3. I have concluded, on the basis of the health professional's review and consultation, that there is reasonable and meritorious cause for the filing the Complaint in this lawsuit against Flawless Service Corporation, Inc.
4. A copy of the written report of the reviewing health professional referred to herein is attached to this affidavit.

FURTHER AFFIANT SAYETH NOT.

SUBSCRIBED and SWORN before me
this 15th day of August, 2022.

_____
NOTARY PUBLIC

OFFICIAL SEAL
FAITH SPENCER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/15/2025

# IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| THONDALAYO DOWMAN, | ) |
| Plaintiff, | ) |
| | ) 2020L012146 |
| v. | ) |
| | ) |
| FLAWLESS SERVICE CORPORATION, INC., | ) |
| and ELTON TINSLEY, M.D., | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF DAMAGES SOUGHT

I, Mark Parts, an attorney for Plaintiff, and the affiant on oath, state: The total of money damages sought in this matter is in excess of $50,000.

_[signature]_

SUBSCRIBED and SWORN before me this _15th_ day of _August_, 2022.

_[signature]_
NOTARY PUBLIC

**OFFICIAL SEAL**
**FAITH SPENCER**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 12/15/2025

Mark Parts
PARTS & SPENCER, LTD.
130 North Garland Court, #2005
Chicago, Illinois 60602
(312) 920-0990
mparts@pslegal.net
Atty. No. 42778

FILED DATE: 8/18/2022 12:33 PM 2020L012146

# MEDICAL REPORT

I am a physician licensed to practice medicine in all its branches in the States of New York and Connecticut. I have been actively engaged in the practice of medicine in the last six years in the field of Plastic Surgery and I am Board Certified by the American Board of Plastic Surgery.

I have reviewed the Complaint and Answer; Answers to Interrogatories of Dr. Elton Tinsley, Flawless Service Corporation and Ms. Dowman; medical records from Flawless Service Corporation, Palos Hospital, South Suburban Hospital, University of Chicago Medical Center and Orland Park Ambulance; additional records from Flawless Service Corporation including photos, marketing materials, video and powerpoint presentations; photos and documents from Ms. Dowman; Plaintiff's exhibits; and the depositions and accompanying exhibits of Ms. Dowman, Dr. Tinsley, and Dr. Imad Qayyum; and I find meritorious cause for this action against Dr. Elton Tinsley and his practice, the Flawless Service Corporation, Inc., with respect to the care and treatment of Ms. Dowman. I have background from my training and professional experience to understand the medical issues involved in this case. Based on my experience, training and knowledge, and review of the records referenced above, it is my opinion to a reasonable degree of medical certainty that the medical care and treatment rendered to Thondolayo Dowman on May 30, 2019, deviated from the standard of care thereby resulting in substantial injuries to her.

On March 16, 2019, Thondolayo Dowman first went to the office of Dr. Elton Tinsley and the Flawless Service Corporation, Inc., to discuss the possibility of having plastic surgery. She met with staff at that time, provided information as to her medical and surgical history and was provided with some information about possible surgical procedures. Ms. Dowman returned to the offices of the Flawless Service Corporation, Inc., on April 20, 2019, at which time she first met with Dr. Elton Tinsley. Dr. Tinsley discussed a procedure called "Liposuction with JPlasma tightening" with Ms. Dowman on April 20 and obtained her agreement to undergo that procedure. The procedure was scheduled for May 30, 2019, at the offices of Flawless Service Corporation, Inc. Thondolayo Dowman returned to the offices of Flawless Service Corporation, Inc., on May 30, 2019, at which time Dr. Elton Tinsley performed the "Liposuction with JPlasma tightening" procedure on her. Ms. Dowman contacted Dr. Tinsley's office on June 2, 2019 stating that she was in pain, could not make a bowel movement, and wanted to go to the hospital. Dr. Tinsley's office records reflect that he was immediately notified of Ms. Dowman's complaints and provided her telephone number. Dr. Tinsley did not take action in response to this information from his staff and did not see that Ms. Dowman sought attention at an emergency room. During the course of his performing the procedure, Dr. Tinsley breached the standard of care by: improper technical execution of the surgical procedure; entering the intra-abdominal compartment and injuring the small bowel; failing to remain anterior to the interior abdominal wall in the course of the surgical procedure; failing to properly account for Ms. Dowman's prior medical and surgical history in performing a surgical procedure; perforating Ms. Dowman's bowel in the course of the surgical procedure; and failing to direct Ms. Dowman to seek medical evaluation on an emergent basis when she contacted his office as to her post-operative symptoms following the surgical procedure.

FILED DATE: 8/18/2022 12:33 PM   2020L012146

Due to the failures to comply with the standard of care by Dr. Elton Tinsley and the Flawless Service Corporation, Inc., Thondolayo Dowman sustained perforations of the small bowel during the surgical procedure that caused her to go into septic shock and resulted in peritonitis, renal failure, respiratory failure, intra-abdominal abscesses, an open abdominal wall wound and multiple other complications that caused her to have pain and suffering, disfigurement and limitations in her activities of normal life.

Michael Alperovich, MD, MSc, FACS
July 22, 2022