# EXHIBIT A

FILED DATE: 7/7/2020 5:15 PM   2020L007196

ATTY I.D. 25535

FILED
7/7/2020 5:15 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
9691447

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION**

|  |  |  |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. **2020L007196** |
| | ) | |
| ELTON X. TINSLEY, M.D., Individually and as | ) | |
| Agent of RITA PHILLIPS and as Agent of | ) | |
| FLAWLESS SERVICE CORPORATION; | ) | **JURY DEMAND** |
| RITA PHILLIPS, Individually and as Agent | ) | |
| of FLAWLESS SERVICE CORPORATION; | ) | |
| FLAWLESS SERVICE CORPORATION f/k/a | ) | |
| TINSLEY AND ASSOCIATES INC.; | ) | |
| CELL TO CELL TECHNOLOGIES LLC; and | ) | |
| FLAWLESS CENTER FOR COSMETIC | ) | |
| MEDICINE, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, JANE DOE, by her attorneys, SANDMAN, LEVY AND

PETRICH, LLC, and complaining of the Defendants, ELTON X. TINSLEY, M.D., Individually

and as Agent of RITA PHILLIPS and as Agent of FLAWLESS SERVICE CORPORATION;

RITA PHILLIPS, Individually and as Agent of FLAWLESS SERVICE CORPORATION;

FLAWLESS SERVICE CORPORATION f/k/a TINSLEY AND ASSOCIATES INC.; CELL TO

CELL TECHNOLOGIES LLC; and FLAWLESS CENTER FOR COSMETIC MEDICINE, and

each of them, alleges and states as follows:

**FACTS COMMON TO ALL COUNTS**

1.    That Plaintiff was a patient of ELTON X. TINSLEY, M.D. (hereinafter

"TINSLEY") at FLAWLESS SERVICE CORPORATION ("FLAWLESS") from approximately

February of 2014 through July of 2014.

**Exhibit A**

FILED DATE: 7/7/2020 5:15 PM   2020L007196

2. That at all times relevant herein to the present, TINSLEY has held himself out as a licensed physician at FLAWLESS where he performed plastic and cosmetic surgical procedures on patients.

3. That at all times relevant herein to the present, RITA PHILLIPS (hereinafter "PHILLIPS") has held herself out as the owner and agent of FLAWLESS.

4. That at all times relevant herein, PHILLIPS employed and/or collaborated with TINSLEY as a doctor at FLAWLESS.

5. That at all times relevant herein, TINSLEY was the agent, apparent or otherwise, of PHILLIPS and FLAWLESS.

6. That at all times relevant to present, PHILLIPS and TINSLEY have represented that FLAWLESS operates in collaboration with TINSLEY AND ASSOCIATES INC.

7. That TINSLEY AND ASSOCIATES INC. was corporation involuntarily dissolved on September 14, 2007.

8. That at all times relevant to present, TINSLEY has represented that he and FLAWLESS operates in collaboration with CELL TO CELL TECHNOLOGIES LLC (hereinafter "CELL") and FLAWLESS CENTER FOR COSMETIC MEDICINE ("COSMETIC").

9. That at all times relevant, FLAWLESS has been a plastic and cosmetic surgery clinic purportedly operating in collaboration with TINSLEY AND ASSOCIATES INC. that is owned and operated by PHILLIPS and her agent/employee, TINSLEY, located in Cook County, Illinois.

2

FILED DATE: 7/7/2020 5:15 PM    2020L007196

10.     That JANE DOE received cosmetic and aesthetic injections and various prescription medications from TINSLEY between February 2014 through July 2014 as a patient of FLAWLESS and TINSLEY.

11.     A doctor patient relationship between JANE DOE and Defendant(s) was formed in February of 2014.

12.     In the course of obtaining JANE DOE'S medical and social history, TINSLEY learned JANE DOE was studying biology and airway management and that JANE DOE had recently ended a seven-year relationship.

13.     That in approximately July of 2014, TINSLEY invited his patient, JANE DOE, to his private residence under the guise of "tutoring" her in biology and airway management.

14.     That in July of 2017 while "tutoring" her, TINSLEY prepared and handed her a drink containing alcohol and/or drugs that rendered JANE DOE impaired and/or unconscious.

15.     Plaintiff discovered she was pregnant on or about August of 2014.

16.     In approximately December of 2014, JANE DOE discovered that she was pregnant with TINSLEY'S child.

17.     That on approximately September 27, 1989, TINLEY'S controlled substance license was suspended by the Illinois Department of Financial and Professional Regulation (IDFPR). TINSLEY pled to guilty to a Class A Misdemeanor charge of unlawful dispensing of controlled substance.

18.     On or about August 15, 1989, TINSLEY's license as a physician and surgeon was placed on probation by the IDFPR.

FILED DATE: 7/7/2020 5:15 PM    2020L007196

19. That on or about February 7, 2017, Plaintiff discovered that TINSLEY had been sexually and emotionally manipulating and abusing her and that TINSLEY had engaged in conduct deemed inappropriate for his profession.

20. That while a patient of TINSLEY'S and FLAWLESS, TINSLEY treated JANE DOE for a variety of "conditions" such as keloid and B12 deficiencies so that she would return to his care.

21. That on or about February 7, 2017, Plaintiff filed a complaint with the Illinois Department of Financial and Professional Regulation detailing his sexual and emotional abuse and false diagnosis.

22. On July 18, 2019, the IDFPR again suspended TINSLEY's license for engaging in a personal relationship with an ex-patient of his practice. That ex-patient was JANE DOE.

23. That before February of 2014, PHILLIPS knew TINSLEY's controlled substance license was suspended by the IDFPR on or about September 27, 1989.

24. That before February of 2014, PHILLIPS knew that TINSLEY's license as a physician and surgeon was placed on probation by the IDFPR on or about August 15, 1989.

25. That at all times relevant and before February of 2014, PHILLIPS knew of TINSLEY's proclivities of engaging in professional misconduct, grooming behaviors towards his female patients and engaging in inappropriate relationships with his female patients.

26. That at all times relevant, PHILLIPS knew that TINSLEY was pursuing and grooming JANE DOE during office visits at FLAWLESS.

27. That PHILLIPS encouraged, ratified and facilitated TINSLEY's professional misconduct towards JANE DOE and other female patients before JANE DOE became a patient of Defendants.

4

28.   Given the sensitive nature of JANE DOE's claim and the involvement of a minor born of TINSLEY's misconduct and acts of violence, Plaintiff has filed this lawsuit with a fictitious name for privacy and safety reasons.

## COUNT I: GENDER VIOLENCE ACT
### Directed to ELTON X. TINSLEY, M.D., Individually and as Agent of
### RITA PHILLIPS and as Agent of FLAWLESS SERVICE CORPORATION

29.   Plaintiff adopts and incorporates herein Paragraphs 1 through 28 above as if fully set forth herein in this Count I.

30.   That JANE DOE was a patient at FLAWLESS SERVICE CORPORATION ("FLAWLESS") from approximately February of 2014 to July of 2014.

31.   That TINSLEY was an employee and/or apparent or otherwise agent of the Defendants PHILLIPS and FLAWLESS on and before February of 2014 through July of 2014.

32.   That TINSLEY, Individually and as agent of PHILLIPS and FLAWLESS, would write prescriptions for medication without properly examining Plaintiff.

33.   While Plaintiff was a patient at FLAWLESS, TINSLEY groomed and misled Plaintiff into thinking he was her physician, confidant and "friend."

34.   That TINSLEY committed one or more of the following acts of violence or physical aggression constituting a battery under Illinois law that were committed, at least in part, because of Plaintiff's sex:

    (a)   Intentionally made sexually inappropriate remarks to JANE DOE including asking to kiss her, saying he fantasized about having sex with her in stirrups and telling her "all your parts are kissable";

    (b)   Intentionally sent Plaintiff pornographic messages;

    (c)   Intentionally provided JANE DOE with alcoholic drinks causing JANE DOE to become impaired and/or drug induced which would cause JANE DOE to pass out and/or to become unconscious;

FILED DATE: 7/7/2020 5:15 PM     2020L007196

(d)    Intentionally, on multiple occasions, placed drugs and/or additional intoxicants into Plaintiff's beverages which rendered her without the capacity to consent to sexual activity;

(e)    Threatened and/or manipulated JANE DOE by saying "you know I cut people for a living;

(f)    Intentionally, on or about July 7, 2014, July 10, 2014, September 7, 2014 and September 9, 2014, drugged JANE DOE and engaged in nonconsensual sexual activity which resulted in a pregnancy.

35.    TINSLEY, in the course of exercising his power, control and influence over JANE DOE, offered to "tutor" JANE DOE in biology and airway management from February of 2014 to approximately August or September of 2014.

36.    TINSLEY, in the course of exercising his position of power, control and influence over Plaintiff while she was a patient at FLAWLESS, made inappropriate comments and gestures to Plaintiff about his sexual fantasies of JANE DOE and made inappropriate requests for sexual touching and kissing.

37.    That as a direct and proximate result of one or more of the foregoing acts on the part of TINSLEY, JANE DOE was sexually assaulted and battered, and suffered and will continue to suffer severe and permanent physical and mental injuries including fear, medical expenses, anxiety, shame, terror and humiliation and has required and will continue to require medical treatment for her injuries.

WHEREFORE, the Plaintiff, JANE DOE, prays or judgment against the Defendant, ELTON X. TINSLEY, M.D., Individually and as an agent of RITA PHILLIPS and FLAWLESS SERVICE CORPORATION, for damages in an amount in excess of $50,000.00 plus actual damages, punitive damages, emotional distress, costs and attorney's fees.

FILED DATE: 7/7/2020 5:15 PM    2020L007196

## COUNT II: GENDER VIOLENCE ACT
### Directed to RITA PHILLIPS, Individually and as Agent of
### FLAWLESS SERVICE CORPORATION

38.     Plaintiff adopts and incorporates herein Paragraphs 1 through 28 above as if fully set forth herein in this Count II.

39.     That PHILLIPS was the owner of FLAWLESS SERVICE CORPORATION (hereinafter "FLAWLESS"), FLAWLESS CENTER FOR COSMETIC MEDICINE (hereinafter "FLAWLESS COSMETIC") and as Agent of TINSLEY AND ASSOCIATES INC. on and before February of 2014 through July of 2014.

40.     That PHILLIPS had knowledge that JANE DOE was a patient at FLAWLESS COSMETIC from approximately February 2014 through July of 2014.

41.     That PHILLIPS at all times relevant herein, suggested to JANE DOE that TINSLEY was the father or should be the father of JANE DOE's baby before JANE DOE had knowledge of the nonconsensual sex that led to her pregnancy.

42.     That before February of 2014, PHILLIPS knew that TINSLEY's license to practice medicine and controlled substance license were suspended and/or revoked due to professional and/or criminal misconduct.

43.     That PHILLIPS encouraged JANE DOE to have a personal, intimate relationship with TINSLEY, citing to her personal experiences where TINSLEY had "helped" PHILLIPS.

44.     PHILLIPS suggested, facilitated and encouraged JANE DOE to maintain a relationship with TINSLEY for financial gain.

45.     PHILLIPS repeatedly contacted JANE DOE offering food, vitamins, and electrolyte-infused beverages and gifts to support JANE DOE's pregnancy with TINSLEY's child and requested JANE DOE carry TINSLEY's baby so PHILLIPS could raise it.

7

FILED DATE: 7/7/2020 5:15 PM    2020L007196

46.     That PHILLIPS committed one or more of the following acts which personally encouraged TINSLEY's prior and continuing violence and physical aggression constituting a battery under Illinois law which was committed, at least in part, because of Plaintiff's sex:

(a)     Intentionally and personally encouraged JANE DOE to form an inappropriate relationship with TINSLEY while knowing TINSLEY was JANE DOE's doctor and PHILLIPS and FLAWLESS' agent/employee;

(b)     Intentionally groomed JANE DOE into believing her relationship and interaction with TINSLEY was appropriate;

(c)     Intentionally groomed JANE DOE to accept TINSLEY by feigning shared values, promoting group goals, and making TINSLEY seem financially and personally valuable to JANE DOE; and

(d)     Intentionally groomed JANE DOE to form a relationship with TINSLEY which would provide him with continued access to abuse JANE DOE and to serve as a surrogate for the son TINSLEY and PHILLIPS always wanted.

47.     That before July 7, 2014, PHILLIPS knew or should have known that TINSLEY was grooming JANE DOE that TINSLEY had a history of engaging in professional misconduct and/or soliciting inappropriate relationships with his patients and patients of FLAWLESS and FLAWLESS COSMETIC.

48.     That before July 7, 2014, PHILLIPS knew or should have known professional boundaries must be maintained with patients.

49.     That as a direct and proximate result of one or more of the foregoing acts on the part of PHILLIPS, JANE DOE was sexually assaulted and battered and suffered and will continue to suffer severe and permanent physical and mental injuries including fear, anxiety, shame, terror and humiliation and has required and will continue to require medical treatment for her injuries.

WHEREFORE, the Plaintiff, JANE DOE, prays or judgment against the Defendant, RITA PHILLIPS, Individually and as an agent of FLAWLESS SERVICE CORPORATION, for

FILED DATE: 7/7/2020 5:15 PM    2020L007196

damages in an amount in excess of $50,000.00 plus actual damages, punitive damages, emotional distress, costs and attorney's fees.

## COUNT III: GENDER VIOLENCE ACT
### Directed to FLAWLESS SERVICE CORPORATION

50.     Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count III.

51.     That TINSLEY and PHILLIPS were acting as agents, actual and/or apparent of FLAWLESS SERVICE CORPORATION (hereinafter "FLAWLESS") on and before February of 2014 through July of 2014.

52.     That JANE DOE was a patient at FLAWLESS from approximately February 2014 through July of 2014.

53.     That before JANE DOE came under the care of TINSLEY, PHILLIPS knew that TINSLEY groomed other female patients and/or made inappropriate comments and/or maintained inappropriate relationships with patients.

54.     That FLAWLESS at all times relevant, Individually and/or through its agents or apparent agents, TINSLEY and PHILLIPS suggested to JANE DOE that TINSLEY was the and/or should be the father of JANE DOE's baby before JANE DOE had knowledge of the nonconsensual sex that led to her pregnancy.

55.     That before February of 2014, FLAWLESS, Individually and/or through its agents or apparent agents, TINSLEY and PHILLIPS knew that TINSLEY's license to practice medicine and controlled substance license were suspended and/or revoked due to professional and/or criminal misconduct.

FILED DATE: 7/7/2020 5:15 PM 2020L007196

56. That FLAWLESS, Individually and/or through its agents or apparent agents, TINSLEY and PHILLIPS, encouraged JANE DOE to maintain a personal, intimate relationship with TINSLEY, citing to her personal experiences where TINSLEY had "helped" PHILLIPS.

57. That FLAWLESS, Individually and/or through its agents or apparent agents, TINSLEY and PHILLIPS, suggested that maintaining a relationship with TINSLEY would lead to financial gain for JANE DOE.

58. That FLAWLESS, Individually and/or through its agents or apparent agents, PHILLIPS and TINSLEY committed one or more of the following acts which personally encouraged TINSLEY's prior and continuing violence and physical aggression constituting a battery under Illinois law which was committed, at least in part, because of Plaintiff's sex:

(a) Intentionally and personally encouraged JANE DOE to form a friendship and/or relationship with TINSLEY;

(b) Individually and/or through its agent or apparent agent, PHILLIPS, encouraged Plaintiff to form an inappropriate relationship with its agent and employee, TINSLEY;

(c) Intentionally groomed JANE DOE to affiliate with TINSLEY;

(d) Intentionally groomed JANE DOE to accept TINSLEY by feigning shared values, offering JANE DOE gifts, promoting group goals, and making TINSLEY seem financially and personally valuable to JANE DOE; and

(e) Intentionally groomed JANE DOE to form a relationship with TINSLEY which would provide him with continued access to abuse JANE DOE despite knowing this was an inappropriate relationship.

59. That before July 7, 2014, FLAWLESS, Individually and/or through its agents, apparent agents or otherwise knew or should have known that TINSLEY was grooming JANE DOE and that TINSLEY had a history of engaging in professional misconduct and/or soliciting inappropriate relationships with his patients and patients of FLAWLESS.

60.     That before July 7, 2014, FLAWLESS, Individually and/or through its agents, apparent agents or otherwise knew or should have known professional boundaries must be maintained with patients.

61.     That as a direct and proximate result of one or more of the foregoing acts on the part of FLAWLESS, JANE DOE was sexually assaulted and battered and suffered and will continue to suffer severe and permanent physical and mental injuries including fear, anxiety, shame, terror and humiliation and has required and will continue to require medical treatment for her injuries.

WHEREFORE, the Plaintiff, JANE DOE, prays or judgment against the Defendant, RITA PHILLIPS, Individually and as an agent of FLAWLESS SERVICE CORPORATION, for damages in an amount in excess of $50,000.00 plus actual damages, punitive damages, emotional distress, costs and attorney's fees.

## COUNT IV: FRAUD AND DECEIT
### Directed to ELTON X. TINSLEY, M.D., Individually and as Agent of RITA PHILLIPS and as Agent of FLAWLESS SERVICE CORPORATION

62.     Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count IV.

63.     That JANE DOE was a patient at FLAWLESS SERVICE CORPORATION (hereinafter "FLAWLESS") from February of 2014 to July of 2014.

64.     That TINSLEY was an employee and agent of the Defendants PHILLIPS and FLAWLESS on and before February of 2014 through July of 2014.

65.     That TINSLEY AND ASSOCIATES INC. was involuntary dissolved on September 14, 2007.

11

FILED DATE: 7/7/2020 5:15 PM    2020L007196

66. That TINSLEY falsely represented that TINSLEY AND ASSOCIATES INC., his involuntarily dissolved corporation, was acting in collaboration with FLAWLESS to provide treatment to patients.

67. That TINSLEY was indicted for controlled substance distribution on October 14, 2010.

68. That because of said charges, TINSLEY's physician's license to issue controlled substances was suspended from April 5, 2011 until July 31, 2014.

69. That TINSLEY's temporary medical permit to practice General Surgery expired on July 1, 1990.

70. That TINSLEY did not disclose his prior indictment or the status of his license to practice to his patients.

71. That TINSLEY did not disclose the involuntary dissolution of TINSLEY AND ASSOCIATES INC. to his patients, including Plaintiff.

72. That PHILLIPS was, on and before February 2014 through July 2014, the owner and manager of FLAWLESS.

73. That PHILLIPS was not and has never been a licensed physician or medical professional in Cook County, Illinois.

74. That TINSLEY knowingly and fraudulently, in the course of a business transaction made false statements of material fact, including, but not limited to, TINSLEY AND ASSOCIATES INC. was an operating business, TINSLEY was properly licensed to perform plastic surgery and TINSLEY worked in collaboration with FLAWLESS, CELL, TINSLEY AND ASSOCIATES INC. and D FLAWLESS COSMETIC.

75. That TINSLEY committed one or more of the following:

12

FILED DATE: 7/7/2020 5:15 PM    2020L007196

(a)    Intentionally withheld information from patients about his previous drug indictment;

(b)    Intentionally misstated his status as a licensed physician to recruit patients, including, but not limited to, Plaintiff;

(c)    Intentionally led patients, including, but not limited to, Plaintiff, to believe that he was legitimately treating Plaintiff as a licensed physician in; in an attempt to coerce Plaintiff to return to him for medical care and to further groom and victimize JANE DOE

(d)    Intentionally misstated his professional status and/or the nature of his relationship with FLAWLESS and his status as owner of TINSLEY AND ASSOCIATES INC. after it was involuntarily dissolved on September 14, 2007;

(e)    Intentionally misstated his professional status and/or the nature of his professional relationship with FLAWLESS; and

(f)    Failed to disclose to JANE DOE that TINSLEY was accepting fees, kickbacks and/or sharing in the fees or profits with PHILLIPS and/or FLAWLESS.

76.    That TINSLEY intended to cause Plaintiff to rely on the above-mentioned deceptions and intended that Plaintiff act on said deceptions by maintaining a doctor-patient relationship with TINSLEY as well as a personal, intimate relationship.

77.    That as a direct and proximate result of one or more of the foregoing acts on the part of TINSLEY, JANE DOE sustained pecuniary damages, including the cost of TINSLEY's unnecessary medical treatments, future care costs and future medical costs.

WHEREFORE, the Plaintiff, JANE DOE, prays or judgment against the Defendant, ELTON X. TINSLEY, M.D., Individually and as an agent of RITA PHILLIPS and as Agent of FLAWLESS SERVICE CORPORATION, in an amount in excess of $50,000 plus pecuniary damages.

FILED DATE: 7/7/2020 5:15 PM   2020L007196

## COUNT V: FRAUD AND DECEIT
### Directed to RITA PHILLIPS, Individually and as Agent of FLAWLESS SERVICE CORPORATION

78.    Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count V.

79.    That JANE DOE was a patient at FLAWLESS from February of 2014 to July of 2014.

80.    That TINSLEY was an employee and/or agent of the Defendants PHILLIPS and FLAWLESS on and before February of 2014 through July of 2014.

81.    That at all times relevant, PHILLIPS represented that TINSLEY AND ASSOCIATES INC. was acting in collaboration with FLAWLESS to provide treatment to patients despite knowing that TINSLEY AND ASSOCIATES INC. was involuntarily dissolved on September 14, 2007.

82.    That TINSLEY AND ASSOCIATES INC. was involuntary dissolved on September 14, 2007.

83.    That TINSLEY was indicted for controlled substance distribution on October 14, 2010.

84.    That because of said charges, TINSLEY's physician's license to issue controlled substances was suspended from April 5, 2011 until July 31, 2014.

85.    That TINSLEY's temporary medical permit to practice General Surgery expired on July 1, 1990.

86.    That PHILLIPS did not disclose TINSLEY's prior indictment or the status of his license to practice to patients, including JANE DOE.

87.     That PHILLIPS did not disclose the involuntary dissolution of TINSLEY AND ASSOCIATES INC. to patients, including JANE DOE.

88.     That PHILLIPS publicly falsely represented TINSLEY was the owner of FLAWLESS.

89.     That before February 2014, PHILLIPS knew or should have known that TINSLEY AND ASSOCIATES INC. was dissolved, and that TINSLEY's controlled substance license was previously suspended.

90.     That PHILLIPS was, on and before February 2014 through July 2014, the owner and manager of FLAWLESS.

91.     That TINSLEY knowingly and fraudulently, in the course of a business transaction made false statements of material fact, including, but not limited to, TINSLEY AND ASSOCIATES INC. was an operating business, TINSLEY was properly licensed to perform plastic surgery and TINSLEY worked in collaboration with FLAWLESS, CELL, TINSLEY AND ASSOCIATES INC. and FLAWLESS COSMETIC.

92.     That PHILLIPS committed one or more of the following acts of deception:

(a)     Intentionally withheld information from patients about TINSLEY's previous drug indictment;

(b)     Intentionally misstated the nature of TINSLEY's professional status and relationship to recruit patients for financial and personal gain, including Plaintiff;

(c)     Intentionally led patients, including, but not limited to, Plaintiff, to believe that TINSLEY was properly and legally collaborating with PHILLIPS and FLAWLESS;

(d)     Failed to disclose and obtain JANE DOE's consent for paying and/or issuing referral fees, kick backs and/or fee splitting arrangements; and

(e)     Intentionally misstated the status of TINSLEY AND ASSOCIATES INC. after knowing it was involuntarily dissolved on September 14, 2007.

FILED DATE: 7/7/2020 5:15 PM   2020L007196

93.    That PHILLIPS intended to cause Plaintiff to rely on the above-mentioned deceptions and intended that Plaintiff act on said deceptions by maintaining a doctor-patient relationship with TINSLEY as well as a personal, intimate relationship.

94.    That as a direct and proximate result of one or more of the foregoing acts on the part of PHILLIPS, JANE DOE sustained pecuniary damages, including the cost of TINSLEY's unnecessary medical treatments, future care costs and future medical costs.

WHEREFORE, the Plaintiff, JANE DOE, prays or judgment against the Defendant, PHILLIPS, Individually and as Agent of FLAWLESS, in an amount in excess of $50,000 plus pecuniary damages.

## COUNT VI: FRAUD AND DECEIT
## Directed to FLAWLESS SERVICE CORPORATION f/k/a
## TINSLEY AND ASSOCIATES INC.

95.    Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count VI.

96.    That JANE DOE was a patient at FLAWLESS from February of 2014 to July of 2014.

97.    That TINSLEY was an employee and agent of the Defendants PHILLIPS and FLAWLESS on and before February of 2014 through July of 2014.

98.    That TINSLEY AND ASSOCIATES INC. was involuntary dissolved on September 14, 2007.

99.    That TINSLEY was indicted for controlled substance distribution on October 14, 2010.

100.    That, because of said charges, TINSLEY's physician's license to issue controlled substances was suspended from April 5, 2011 until July 31, 2014.

16

FILED DATE: 7/7/2020 5:15 PM    2020L007196

101.   That TINSLEY's temporary medical permit to practice General Surgery expired on July 1, 1990.

102.   That FLAWLESS did not disclose TINSLEY's prior indictment or the status of his license to practice to his patients, including JANE DOE.

103.   That FLAWLESS did not disclose the involuntary dissolution of TINSLEY AND ASSOCIATES INC. to TINSLEY's patients, including JANE DOE.

104.   That before February 2014, FLAWLESS, Individually and/or through its agents, TINSLEY and/or PHILLIPS, knew or should have known that TINSLEY AND ASSOCIATES INC. was dissolved and that TINSLEY's controlled substance license was previously suspended.

105.   That FLAWLESS publicly falsely represented that TINSLEY was the owner of FLAWLESS.

106.   That PHILLIPS was, on and before February 2014 through July 2014, the owner and manager of FLAWLESS.

107.   That TINSLEY knowingly and fraudulently, in the course of a business transaction made false statements of material fact, including, but not limited to, TINSLEY AND ASSOCIATES INC. was an operating business, TINSLEY was properly licensed to perform plastic surgery and TINSLEY worked in collaboration with FLAWLESS, CELL, TINSLEY AND ASSOCIATES INC. AND FLAWLESS COSMETIC.

108.   That FLAWLESS committed one or more of the following acts of deception:

(a)   Intentionally withheld information from patients about TINSLEY's previous drug indictment;

(b)   Intentionally misstated the nature of TINSLEY's professional status and relationship to recruit patients for personal and financial gain, including, but not limited to, Plaintiff;

17

FILED DATE: 7/7/2020 5:15 PM    2020L007196

(c)     Intentionally led patients, including, but not limited to, Plaintiff, to believe that TINSLEY was properly and legally collaborating with PHILLIPS and FLAWLESS;

(d)     Failed to disclose and obtain JANE DOE's consent for paying and/or issuing referral fees, kick backs and/or fee splitting arrangements; and

(e)     Intentionally misstated the status of TINSLEY AND ASSOCIATES INC. after knowing it was involuntarily dissolved on September 14, 2007.

109.    That FLAWLESS intended to cause Plaintiff to rely on the above-mentioned deceptions and intended that Plaintiff act on said deceptions by maintaining a doctor-patient relationship with TINSLEY as well as a personal, intimate relationship.

110.    That as a direct and proximate result of one or more of the foregoing acts on the part of FLAWLESS, JANE DOE sustained pecuniary damages, including the cost of TINSLEY's unnecessary medical treatments, future care costs and future medical costs.

WHEREFORE, the Plaintiff, JANE DOE, prays or judgment against the Defendant, FLAWLESS SERVICE CORPORATION f/k/a TINSLEY AND ASSOCIATES INC., in an amount in excess of $50,000 plus pecuniary damages.

## COUNT VII: FRAUD AND DECEIT
### Directed to FLAWLESS CENTER FOR COSMETIC MEDICINE

111.    Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count VII.

112.    That JANE DOE was a patient at FLAWLESS CENTER FOR COSMETIC MEDICINE (hereinafter "FLAWLESS COSMETIC") from February of 2014 to July of 2014.

113.    That TINSLEY was an employee and agent of the Defendants PHILLIPS, FLAWLESS and FLAWLESS COSMETIC on and before February of 2014 through July of 2014.

18

114. That TINSLEY AND ASSOCIATES INC. was involuntary dissolved on September 14, 2007.

115. That TINSLEY was indicted for controlled substance distribution on October 14, 2010.

116. That because of said charges, TINSLEY's physician's license to issue controlled substances was suspended from April 5, 2011 until July 31, 2014.

117. That TINSLEY's temporary medical permit to practice General Surgery expired on July 1, 1990.

118. That FLAWLESS COSMETIC did not disclose TINSLEY's prior indictment or the status of his license to practice to his patients, including JANE DOE.

119. That FLAWLESS COSMETIC did not disclose the involuntary dissolution of TINSLEY AND ASSOCIATES INC. to TINSLEY's patients, including JANE DOE.

120. That before February 2014, FLAWLESS, Individually and/or through its agents, TINSLEY and/or PHILLIPS, knew or should have known that TINSLEY AND ASSOCIATES INC. was dissolved and that TINSLEY's controlled substance license was previously suspended.

121. That FLAWLESS COSMETIC publicly falsely represented that TINSLEY was the owner of FLAWLESS COSMETIC.

122. That PHILLIPS was, on and before February 2014 through July 2014, the owner and manager of FLAWLESS COSMETIC.

123. That TINSLEY knowingly and fraudulently, in the course of a business transaction made false statements of material fact, including, but not limited to, TINSLEY AND ASSOCIATES INC. was an operating business, TINSLEY was properly licensed to perform

19

FILED DATE: 7/7/2020 5:15 PM    2020L007196

FILED DATE: 7/7/2020 5:15 PM    2020L007196

plastic surgery and TINSLEY worked in collaboration with FLAWLESS, CELL, TINSLEY AND ASSOCIATES INC. AND FLAWLESS COSMETIC.

124.    That FLAWLESS COSMETIC committed one or more of the following acts of deception:

(a)    Intentionally withheld information from patients about TINSLEY's previous drug indictment;

(b)    Intentionally misstated the nature of TINSLEY's professional status and relationship to recruit patients for personal and financial gain, including, but not limited to, Plaintiff;

(c)    Intentionally led patients, including, but not limited to, Plaintiff, to believe that TINSLEY was properly and legally collaborating with PHILLIPS and FLAWLESS COSMETIC;

(d)    Failed to disclose and obtain JANE DOE's consent for paying and/or issuing referral fees, kickbacks and/or fee splitting arrangements; and

(e)    Intentionally misstated the status of TINSLEY AND ASSOCIATES INC. after knowing it was involuntarily dissolved on September 14, 2007.

125.    That FLAWLESS COSMETIC intended to cause Plaintiff to rely on the above-mentioned deceptions and intended that Plaintiff act on said deceptions by maintaining a doctor-patient relationship with TINSLEY as well as a personal, intimate relationship.

126.    That as a direct and proximate result of one or more of the foregoing acts on the part of FLAWLESS COSMETIC, JANE DOE sustained pecuniary damages, including the cost of TINSLEY's unnecessary medical treatments, future care costs and future medical costs.

WHEREFORE, the Plaintiff, JANE DOE, prays or judgment against the Defendant, FLAWLESS CCENTER FOR COSMETIC MEDICINE, in an amount in excess of $50,000 plus pecuniary damages.

## COUNT VIII: BREACH OF FIDUCIARY DUTY
### Directed to ELTON X. TINSLEY, M.D., Individually and as agent of
### RITA PHILLIPS and as Agent of FLAWLESS SERVICE CORPORATION

127.    Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count VIII.

128.    That JANE DOE was a patient at FLAWLESS from February of 2014 to July of 2014.

129.    That TINSLEY was an employee and agent of the Defendants PHILLIPS and FLAWLESS on and before February of 2014 through July of 2014.

130.    That before and throughout February 2014 to July 2014, TINSLEY held himself out to the public and Plaintiff as fully trained and qualified as a licensed physician in the field of plastic and cosmetic/aesthetic surgery.

131.    That FLAWLESS held itself out as a facility specializing in plastic surgery carried out and in collaboration with its physician, TINSLEY.

132.    That a physician-patient relationship existed between JANE DOE and Defendants from February of 2014 through July of 2014.

133.    That TINSLEY had a duty to maintain professional boundaries with his patients at all times.

134.    That TINSLEY undertook a duty to work to the standard of a licensed cosmetic surgeon.

135.    That TINSLEY undertook a duty to refrain from abusive treatment toward patients, including, but not limited to, Plaintiff.

136.    That TINSLEY committed one or more of the following acts that breached his fiduciary duties to Plaintiff:

21

FILED DATE: 7/7/2020 5:15 PM    2020L007196

(a)     Intentionally withheld material information from patients about his previous drug indictment;

(b)     Intentionally misstated TINSLEY's status as a licensed physician to recruit patients, including, but not limited to, Plaintiff;

(c)     Intentionally misstated TINSLEY's status as owner of TINSLEY AND ASSOCIATES INC. despite TINSLEY AND ASSOCIATES INC.' involuntarily dissolution on September 14, 2007;

(d)     Intentionally made sexually inappropriate remarks to JANE DOE including asking to kiss her, saying he fantasized about having sex with her in stirrups and asking if he could inject her butt instead of her arm while a patient at FLAWLESS;

(e)     Intentionally provided JANE DOE with an alcoholic and/or drug induced drinks, after which JANE DOE would wake up with vague memories of engaging in nonconsensual sexual activity with TINSLEY;

(f)     Intentionally placed drugs and/or additional intoxicants into Plaintiff's drinks which rendered her without the capacity to legally consent to sexual activity; and

(g)     Intentionally, in June of 2014, TINSLEY drugged JANE DOE and engaged in nonconsensual sexual activity which resulted in a pregnancy.

137.    As a direct and proximate result of the violations of his aforesaid duties, the Defendant's sexual, physical, emotional, and financial abuse of Plaintiff, Plaintiff experienced embarrassment, shame, humiliation, mental and emotional distress, physical pain and suffering, and economic loss.

WHEREFORE, the Plaintiff, JANE DOE prays for judgment against the Defendant, ELTON X. TINSLEY, M.D., Individually and as Agent of RITA PHILLIPS and as Agent of FLAWLESS SERVICE CORPORATION, in an amount in excess of $50,000 plus compensatory damages.

FILED DATE: 7/7/2020 5:15 PM    2020L007196

## COUNT IX: BREACH OF FIDUCIARY DUTY
## Directed to RITA PHILLIPS, Individually and as Agent of
## FLAWLESS SERVICE CORPORATION

138.    Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count IX.

139.    That JANE DOE was a patient at FLAWLESS from February of 2014 to July of 2014.

140.    That TINSLEY was an employee and agent of the Defendants PHILLIPS and FLAWLESS on and before February of 2014 through July of 2014.

141.    That before and throughout February 2014 to July 2014, PHILLIPS held TINSLEY out to the public and Plaintiff as fully trained and qualified in the field of plastic surgery.

142.    That PHILLIPS held FLAWLESS out as a facility specializing in plastic surgery carried out and in collaboration with its physician, TINSLEY.

143.    That a physician-patient relationship existed between JANE DOE and Defendants from February of 2014 through July of 2014.

144.    That PHILLIPS, through her agent, TINSLEY, undertook a duty to ensure TINSLEY maintained professional boundaries as required of a doctor and patient.

145.    That PHILLIPS, through her agent, TINSLEY, undertook a duty to refrain from abusive treatment toward patients, including, but not limited to, Plaintiff.

146.    That PHILLIPS committed one or more of the following acts that breached her fiduciary duties to Plaintiff:

    (a)    Intentionally withheld information from patients about TINSLEY's previous drug indictment;

    (b)    Intentionally misstated and/or failed to disclose the nature of TINSLEY's professional relationship and standing to recruit with FLAWLESS;

FILED DATE: 7/7/2020 5:15 PM    2020L007196

(c)     Intentionally led patients, to believe that TINSLEY was a cosmetic surgeon for her and FLAWLESS' personal and financial gain;

(d)     Intentionally misstated and/or withheld the professional and/or corporate standing of TINSLEY AND ASSOCIATES INC. despite knowing TINSLEY AND ASSOCIATES INC. was previously involuntarily dissolved on September 14, 2007;

(e)     Intentionally and personally encouraged and solicited JANE DOE to form an intimate relationship with TINSLEY though knowing it was inappropriate and unethical to do so;

(f)     Intentionally groomed JANE DOE to affiliate with TINSLEY for her and FLAWLESS' own personal and professional gain;

(g)     Intentionally groomed JANE DOE to accept TINSLEY by feigning shared values, promoting group goals, and making TINSLEY seem valuable to JANE DOE; and

(h)     Intentionally groomed JANE DOE to form a relationship with TINSLEY which would provide him with continued access to abuse JANE DOE.

147.    As a direct and proximate result of the violations of her aforesaid duties, PHILLIPS, Individually and through her agent, TINSLEY, engaged in sexual, physical, emotional, and financial abuse of Plaintiff, Plaintiff experienced embarrassment, shame, humiliation, mental and emotional distress, physical pain and suffering, and economic loss.

WHEREFORE, the Plaintiff, JANE DOE prays for judgment against the Defendant, RITA PHILLIPS, Individually and as agent of FLAWLESS SERVICE CORPORATION, in an amount in excess of $50,000 plus compensatory damages.

## COUNT X: BREACH OF FIDUCIARY DUTY
### Directed to FLAWLESS SERVICE CORPORATION

148.    Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count X.

149.    That JANE DOE was a patient at FLAWLESS from February of 2014 to July of 2014.

FILED DATE: 7/7/2020 5:15 PM    2020L007196

150.     That before and throughout February 2014 to July 2014, FLAWLESS held TINSLEY out to the public and Plaintiff as fully trained and qualified in the field of plastic surgery.

151.     That a physician-patient relationship existed between JANE DOE and Defendants from February of 2014 through July of 2014.

152.     That FLAWLESS, through its agent, TINSLEY, undertook a duty to ensure TINSLEY maintained professional boundaries as required of a doctor and patient.

153.     That FLAWLESS, through its agent, TINSLEY, undertook a duty to refrain from abusive treatment toward patients, including, but not limited to, Plaintiff.

154.     That FLAWLESS committed one or more of the following acts that breached his fiduciary duties to Plaintiff:

(a)     Intentionally withheld information from patients about TINSLEY's previous drug indictment;

(b)     Intentionally misstated and/or failed to disclose the nature of TINSLEY's professional relationship and standing to recruit with FLAWLESS;

(c)     Intentionally led patients, including Plaintiff, to believe that TINSLEY was a cosmetic surgeon for FLAWLESS' personal and financial gain; and

(d)     Intentionally misstated and/or withheld the professional and/or corporate standing of TINSLEY AND ASSOCIATES INC. despite knowing TINSLEY AND ASSOCIATES INC. was previously involuntarily dissolved on September 14, 2007.

155.     As a direct and proximate result of the violations of its aforesaid duties, FLAWLESS, Individually and through its agents, TINSLEY and PHILLIPS, engaged in sexual, physical, emotional, and financial abuse of Plaintiff, Plaintiff experienced embarrassment, shame, humiliation, mental and emotional distress, physical pain and suffering, and economic loss.

FILED DATE: 7/7/2020 5:15 PM   2020L007196

WHEREFORE, the Plaintiff, JANE DOE prays for judgment against the Defendant, FLAWLESS SERVICE CORPORATION, in an amount in excess of $50,000000 plus compensatory damages.

## COUNT XI: BREACH OF FIDUCIARY DUTY
## Directed to CELL TO CELL TECHNOLOGIES LLC

156.    Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count XI.

157.    That at all times relevant herein, CELL TO CELL TECHNOLOGIES LLC (hereinafter "CELL") collaborated with TINSLEY, PHILLIPS, FLAWLESS and FLAWLESS COSMETIC.

158.    That JANE DOE was a patient of TINSLEY at FLAWLESS and FLAWLESS COSMETIC from February of 2014 to July of 2014.

159.    That before and throughout February 2014 to July 2014, CELL held TINSLEY out to the public and Plaintiff as fully trained and qualified in the field of plastic surgery.

160.    That a physician-patient relationship existed between JANE DOE and Defendants from February of 2014 through July of 2014.

161.    That CELL, through its agent, TINSLEY, undertook a duty to ensure TINSLEY maintained professional boundaries as required of a doctor and patient.

162.    That CELL, through its agent, TINSLEY, undertook a duty to refrain from abusive treatment toward patients, including, but not limited to, Plaintiff.

163.    That CELL committed one or more of the following acts that breached his fiduciary duties to Plaintiff:

(a)     Intentionally withheld information from patients about TINSLEY's previous drug indictment;

26

FILED DATE: 7/7/2020 5:15 PM    2020L007196

(b)     Intentionally misstated and/or failed to disclose the nature of TINSLEY's professional relationship and standing to recruit with CELL;

(c)     Intentionally led patients, including Plaintiff, to believe that TINSLEY was a cosmetic surgeon for CELL's personal and financial gain; and

(d)     Intentionally misstated and/or withheld the professional and/or corporate standing of TINSLEY AND ASSOCIATES INC. despite knowing TINSLEY AND ASSOCIATES INC. was previously involuntarily dissolved on September 14, 2007.

164.    As a direct and proximate result of the violations of its aforesaid duties, CELL, Individually and through its agents, TINSLEY and PHILLIPS, engaged in sexual, physical, emotional, and financial abuse of Plaintiff, Plaintiff experienced embarrassment, shame, humiliation, mental and emotional distress, physical pain and suffering, and economic loss.

WHEREFORE, the Plaintiff, JANE DOE prays for judgment against the Defendant, CELL TO CELL TECHNOLOGIES LLC, in an amount in excess of $50,000000 plus compensatory damages.

## COUNT XII: BREACH OF FIDUCIARY DUTY
## Directed to FLAWLESS CENTER FOR COSMETIC MEDICINE

165.    Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count XII.

166.    That JANE DOE was a patient at FLAWLESS COSMETIC from February of 2014 to July of 2014.

167.    That before and throughout February 2014 to July 2014, FLAWLESS COSMETIC held TINSLEY out to the public and Plaintiff as fully trained and qualified in the field of plastic surgery.

168.    That a physician-patient relationship existed between JANE DOE and Defendants from February of 2014 through July of 2014.

27

FILED DATE: 7/7/2020 5:15 PM    2020L007196

169. That FLAWLESS COSMETIC, through its agent, TINSLEY, undertook a duty to ensure TINSLEY maintained professional boundaries as required of a doctor and patient.

170. That FLAWLESS COSMETIC, through its agent, TINSLEY, undertook a duty to refrain from abusive treatment toward patients, including, but not limited to, Plaintiff.

171. That FLAWLESS COSMETIC committed one or more of the following acts that breached his fiduciary duties to Plaintiff:

(e) Intentionally withheld information from patients about TINSLEY's previous drug indictment;

(f) Intentionally misstated and/or failed to disclose the nature of TINSLEY's professional relationship and standing to recruit with FLAWLESS COSMETIC;

(g) Intentionally led patients, including Plaintiff, to believe that TINSLEY was a cosmetic surgeon for FLAWLESS COSMETIC's personal and financial gain; and

(h) Intentionally misstated and/or withheld the professional and/or corporate standing of TINSLEY AND ASSOCIATES INC. despite knowing TINSLEY AND ASSOCIATES INC. was previously involuntarily dissolved on September 14, 2007.

172. As a direct and proximate result of the violations of its aforesaid duties, FLAWLESS COSMETIC, Individually and through its agents, TINSLEY and PHILLIPS, engaged in sexual, physical, emotional, and financial abuse of Plaintiff, Plaintiff experienced embarrassment, shame, humiliation, mental and emotional distress, physical pain and suffering, and economic loss.

WHEREFORE, the Plaintiff, JANE DOE prays for judgment against the Defendant, FLAWLESS CENTER FOR COSMETIC MEDICINE, in an amount in excess of $50,000000 plus compensatory damages.

28

FILED DATE: 7/7/2020 5:15 PM    2020L007196

## COUNT XIII: DEFAMATION
## Directed to ELTON X. TINSLEY, M.D.

173.    Plaintiff adopts and incorporates herein Paragraphs 1 through 28 as if fully set forth herein in this Count XIII.

174.    That TINSLEY filed a Petition for an Emergency Order of Protection against JANE DOE on January 22, 2020.

175.    That TINSLEY stated that Plaintiff was physically abusing her son.

176.    That TINSLEY falsely stated, "My son has said that he has been repeatedly hit, physically abused, he has been harassed and intimidated to say and do inappropriate things. He has been neglected. DCFS was at our home today and advised me to get an order of protection immediately."

177.    That TINSLEY's written false statements were made to a third parties, including the Department of Child and Family Services (DCFS) and the Circuit Court of Cook County on or about January 22, 2020.

178.    That before and at the time TINSLEY made and/or published these statements he knew they were false and made in bad faith.

179.    As a direct and proximate result of TINSLEY's false statements in his petition for an order of protection, Plaintiff experienced embarrassment, shame, humiliation, mental and emotional distress, and damage to her reputation, loss of her Firearm Owners Identification ("FOID") card, and loss of visitation and/or custodial rights of her minor son.

FILED DATE: 7/7/2020 5:15 PM    2020L007196

WHEREFORE, the Plaintiff, JANE DOE prays for judgment against the Defendant, ELTON X. TINSLEY, M.D., in an amount in excess of $50,000 plus punitive damages.

SANDMAN, LEVY AND PETRICH, LLC

By: _____
Stephanie L. White
Attorney for Plaintiff

**Atty I.D. No. 25535**
**SANDMAN, LEVY AND PETRICH, LLC**
Attorneys for Plaintiff(s)
134 North LaSalle Street, 9th Floor
Chicago, Illinois 60602
Phone: (312) 726-1692
Fax:    (312) 726-1687
*info@slplaw.com*

## AFFIDAVIT OF DAMAGES

Under penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned attorney, STEPHANIE L. WHITE, being first duly sworn on oath, deposes and states as follows:

1.    That your affiant is one of the attorneys representing the plaintiff(s) in the case of *DOE, JANE V. TINSLEY (M.D.), ELTON, ET AL.*

2.    That the money damages sought does exceed $50,000.00.

FURTHER, your affiant sayeth not.

_____
STEPHANIE L. WHITE

30